**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EVELYN BAKER MILLER,**

           **Plaintiff,**

**-vs-**                                                    **Case No. 6:05-cv-579-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MEMORANDUM OF LAW PURSUANT TO FED. R. CIV. P. 12(F) (Doc. No. 18)**
>
> **FILED:** October 14, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

The Scheduling Order in this case required Plaintiff Evelyn Baker Miller to file her memorandum of law on or before September 6, 2005. Doc. No. 12. On September 13, 2005, Miller filed a motion to extend the time for filing her memorandum through September 26, 2005. Doc. No. 15. I denied that motion without prejudice to reasserting it accompanied by a showing of good cause why the motion for enlargement was not filed before the previous due date for submission of the

memorandum. Doc. No. 16. Miller did not file a renewed motion for enlargement of time. Rather, she simply filed a memorandum of law on September 27, 2005. Doc. No. 17.

Defendant Commissioner of Social Security now asks the Court to strike Miller's belatedly filed memorandum pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that the Court may order "stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule is inapplicable here, because a memorandum of law is not a pleading. Therefore, the motion to strike is **DENIED**.

Federal Rule of Civil Procedure 16(f) is the applicable provision. It provides for an award of sanctions when a party or the party's attorney fails to obey a scheduling or pretrial order. It also provides that the party or the attorney representing the party, or both, shall be required to pay the reasonable expenses incurred because of noncompliance, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or other circumstances make the award of expenses unjust.

Juan Gautier, Esq., counsel for Miller, has a long history of failure to abide by scheduling orders in this Court. He has not responded to the motion to strike, and did not file any other document showing why he failed to file a renewed motion for leave to file the memorandum out-of-time. There is, therefore, no showing of substantial justification or other circumstances that make an award of expenses unjust. It is, therefore, **ORDERED** that Mr. Gautier shall personally pay to the Social Security Administration the sum of $150.00 to compensate the defendant, in part, for the attorneys' fees and costs incurred in filing the motion. This payment shall be tendered to counsel for the

Commissioner on or before November 21, 2005. It is further **ORDERED** that Mr. Gautier shall, on or before November 28, 2005, file a notice that he has paid the required sanction.

The Commissioner asks, alternatively, for an enlargement of time to file and serve her responsive memorandum. This portion of the motion is **GRANTED**. It is **ORDERED** that the Commissioner shall file and serve a response to Miller's memorandum on or before January 6, 2006.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties